QUARLES & BRADY STREICH LANG LLP
ROBERT K. JONES (CA. State Bar No. 130162)
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone 602.229.5200
Facsimile 602.229.5690

KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
CHRISTINE P. SUN - #218701
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
ASM AMERICA, INC., ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC., and BILL MARSH

ORIGINAL FILED
DEC 20 2002
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADR
E-filing

LARRY G. BANDA,

Plaintiff,

v.

ASM AMERICA, INC.; ADVANCED SEMINCONDUCTOR MATERIALS AMERICA, INC.; ASM INTERNATIONAL N.V.; BILL MARSH; and Does One through Fifty,

Defendants.

Case No. C02 05884 PVT

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

(Formerly Superior Court of California, County of Santa Clara, Case No. CV809221)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ASM AMERICA, INC., for itself and f/k/a ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC., and BILL MARSH hereby removes to this Court the state court action described below.

1. On July 2, 2002, Plaintiff Larry G. Banda ("Plaintiff") filed this action in the Superior Court of the State of California in and for the County of Santa Clara: Larry G. Banda v. ASM America, Inc., et al., Cause No. CV809221. The Complaint and all other process, pleadings and orders served upon defendants in the Superior Court action are attached as Exhibit A.

2. Each of Defendants ASM America, Inc., for itself and f/k/a Advanced Semiconductor Materials America, Inc., and Bill Marsh (collectively, "Defendants") first received the Summons and Complaint by certified mail (postmarked November 22, 2002) in Arizona no earlier than November 25, 2002. No other named defendant has been served or joined in the action; all defendants properly joined and served join in this removal. No Defendant received the Complaint more than thirty (30) days prior to the filing of the Notice of Removal.

3. The Complaint is a civil action alleging breach of contract, Labor Code wages and hours violations, termination of employment in violation of public policy, discrimination in violation of statute, defamation, intentional and negligent infliction of emotional distress and unfair business practice.

4. Simultaneous with the filing of this Notice of Removal, Defendants are having a copy hereof filed with the Clerk of the Superior Court in and for the County of Santa Clara, and served upon Plaintiff in accordance with the Federal Rules of Civil Procedure.

## GROUNDS FOR REMOVAL

5. **Jurisdiction**. This Court has original jurisdiction over the action under 28 U.S.C. § 1332, and Defendants are entitled to remove the action to this Court, pursuant to the provisions of 28 U.S.C. § 1441(b), because the action is a civil action between citizens of different states, and the Plaintiff seeks an unspecified amount of compensatory and punitive damages, which,

upon information and belief, exceeds $75,000.

6. Defendant ASM America, Inc., was at the time of the filing of the Action, and still is, a Delaware corporation having its principal place of business in the State of Arizona. Accordingly, for removal purposes, Defendant ASM America, Inc. is a corporate citizen of Delaware and Arizona.

7. Defendant Advanced Semiconductor Materials America, Inc., is the same entity as Defendant ASM America, Inc. To the extent this Defendant is still known by this name, it was at the time of the filing of the Action, and still is a Delaware corporation having its principal place of business in the State of Arizona. Accordingly, for removal purposes, Defendant Advanced Semiconductor Materials, Inc. is a corporate citizen of Delaware and Arizona.

8. Defendant ASM International, N.V., was at the time of the filing of the Action, and still is, a corporation existing under the law of the Netherlands having its principal place of business in the Netherlands. Accordingly, for removal purposes, Defendant ASM International, N.V. is a corporate citizen of a foreign state. Upon information and belief, ASM International, N.V. has not been properly served in the state court action and therefore need not join.

9. Defendant Bill Marsh, was at the time of the filing of the Action, and still is, an individual Defendant and citizen of the State of Arizona.

10. According to the Complaint, Plaintiff is a citizen of the State of California.

11. Thus, there is a complete diversity of citizenship between all defendants and plaintiffs in the action, as said action involves a controversy between citizens of the State of California, as the Plaintiff, and citizens of Delaware, Arizona, and the Netherlands, as the defendants.

12. All properly served Defendants concur in the removal of this action.

13. **Intradistrict Assignment**. Defendants are removing this action to the San Jose Division of this Court because, according to the Complaint, the action arose in Santa Clara County.

14. A copy of this notice has been served on all parties and was filed this date with the Clerk of the Santa Clara County Superior Court, State of California.

## TIMELINESS OF REMOVAL

15. Fewer than thirty (30) days have passed since any Defendant received Plaintiff's Original Complaint. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(d). A copy of the notice provided to the state court (without exhibits) is attached to this Notice as Exhibit B.

## ATTACHMENT OF STATE COURT PLEADINGS

16. Defendants have attached to this Notice as Exhibit A all process pleadings and orders served upon Defendants in the action prior to filing of this Notice of Removal; to wit, Exhibit A: Summons and Complaint. Defendants are not aware that any other papers have been filed in the state court action.

17. Defendants have simultaneously filed a copy of this Notice with the Santa Clara Superior Court Clerk and served a copy on Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d). A copy of the notice provided to the state court (without exhibits) is attached to this Notice as Exhibit B.

WHEREFORE, Defendants hereby remove said action from the Santa Clara County Superior Court of the State of California to this Court. Pursuant to 28 U.S.C. § 1447(d), all further proceedings must be conducted in this Court as provided by law.

Dated: December 20, 2002

KEKER & VAN NEST, LLP

By: [signature]

CHRISTINE P. SUN
Attorneys for Defendants
ASM AMERICA, INC., ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC. and BILL MARSH

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: *(Aviso a Acusado)*
ASM America, Inc., Advanced Semiconductor Materials America, Inc., ASM International N.V. and Bill Marsh, and Does 1 through 50

YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)* Larry G. Banda

You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30* DIAS CALENDARIOS *para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
Santa Clara Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso)*
CV809221

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Law Offices of William C. Dresser, 2400 Moorpark Avenue, Suite 301, San Jose, CA 95128,
Tel: 408\279-7529

DATE: [illegible] 0 5 2002
*(Fecha)*

Kiri Torre, Chief Executive Officer/Clerk
Clerk, by Kathy Davidson, Deputy
*(Actuario)* *(Delegado)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] other:
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (individual)

4. [ ] by personal delivery on *(date)*:

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: *(Aviso a Acusado)*
ASM America, Inc., Advanced Semiconductor Materials America, Inc., ASM International N.V. and Bill Marsh, and Does 1 through 50

YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)* Larry G. Banda

You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
Santa Clara Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso)*
CV809221

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Law Offices of William C. Dresser, 2400 Moorpark Avenue, Suite 301, San Jose, CA 95128,
Tel: 408\279-7529

DATE: *(Fecha)* JAN 0 5 2002 Kiri Torre, Chief Executive Officer/Clerk Clerk, by *(Actuario)* Kathy Davidson, Deputy *(Delegado)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
☐ other:

4. ☐ by personal delivery on *(date)*:

William C. Dresser, 104375
Leslie Shearer, 215281
2400 Moorpark Avenue, Suite 301
San Jose, California 95128
Tel: 408/279-7529
Fax: 408/298-3306

Attorneys for Plaintiff
Larry G. Banda

ENDORSED
FILED
2002 JUL -5 PM 3:32
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Kathy Davidson DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| Larry G. Banda,<br><br>Plaintiff,<br><br>v.<br><br>ASM America, Inc., Advanced Semiconductor Materials America, Inc., ASM International N.V. and Bill Marsh, and Does 1 through 50,<br><br>Defendants. / | CASE NO. CV809221<br><br>COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF: BREACH OF CONTRACT; WAGES AND SALARY VIOLATIONS; TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY; TERMINATION OF EMPLOYMENT IN VIOLATION OF STATUTE (Civil Code section 51, Government Code section 12921); DEFAMATION; INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; UNFAIR BUSINESS PRACTICE [Business and Professions Code section 17200] |

COMES NOW Plaintiff Larry G. Banda, and alleges against Defendants, and each of them, as follows:

GENERAL ALLEGATIONS

1. Plaintiff Larry G. Banda is and at all times during the employment alleged herein has been a resident of the State of California. Plaintiff presently resides in Visalia, Tulare County, State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant ASM America, Inc. is a Delaware corporation with a principal place of business in the State of Arizona. Plaintiff is informed and believes and thereon alleges that Defendant Advanced Semiconductor Materials America, Inc. is an Arizona corporation, doing

business in California. Plaintiff is informed and believes and thereon alleges that Defendant ASM International N.V. is a publicly traded company in the form of a limited liability company existing under the laws of the Netherlands, with its principal place of business at Jan van Eycklaan 10, 3723 BC Bilthoven, The Netherlands, and doing business in California. Plaintiff is informed and believes and thereon alleges that Defendants ASM America, Inc. and Advanced Semiconductor Materials America, Inc. are subsidiaries or divisions of Defendant ASM International N.V.

3. Plaintiff is informed and believes and thereon alleges that Defendant Bill Marsh is and at all times mentioned herein was a resident of the state of Oregon.

4. The contract which Plaintiff herein alleges was breached by defendants was entered into in the City of San Jose, County of Santa Clara, State of California.

5. The true names and capacities of Defendants named herein as Does 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to show the true names and capacities of said Defendants when the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges, that at all times herein the Defendants named in the Complaint as Doe(s) was or were legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused the injuries and damages, if any in fact were sustained, to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to more fully describe the nature of such legal responsibility when the same has been more fully ascertained and will include the appropriate charging allegations.

7. Plaintiff is informed and believes and thereon alleges, that at all times relevant hereto, each of the Defendants was the agent, servant or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, service and employment, and with the

permission and consent of their co-Defendants.

8. Plaintiff Larry G. Banda was hired by Defendant ASM America, Inc. (hereinafter "ASM America") while Mr. Banda was while living in San Jose, California, as confirmed by offer letter of February 20, 2001 from ASM America to Plaintiff Larry Banda. The employment commenced March 12, 2001.

9. The terms of the agreement between ASM and Plaintiff were for Mr. Banda to provide services as a Field Service Engineer and to "protect ASM proprietary data and information", "assign interests in inventions and any resulting patents to ASM", and "avoid those situations which could lead to a conflict of interest."(from Employee Agreements memorandum contained in "WE ARE ASM AMERICA" binder provided to employees, and page B-4 of Employee Handbook). In exchange, Defendant ASM America, and its related entities, agreed to pay Plaintiff, and to abide the terms of its Employee Handbook, web site postings, summary of benefits, and memoranda and documentation made known to Plaintiff and which Plaintiff relied upon. These terms include the following specific terms

a) rights under the Family Medical and Leave Act including leave "[t]o take medical leave when the employee is unable to work because of a serious health condition (Family Medical Leave Act Fact Sheet memorandum contained in "WE ARE ASM AMERICA" binder provided to employees and pages E-7, E-8 and E-9 of Employee Handbook);

b) that ASM will treat employees as family, and will provide employment to allow the employee to "become part of [ASM's] vital history" (Your Company memorandum contained in "WE ARE ASM AMERICA" binder provided to employees);

c) rights to short term disability of 2/3 salary up to $500 per week (from Summary of Benefits and page E-2 of Employee Handbook);

d) rights to long term disability of 60% of income, up to a maximum of $8,00 per month (from Summary of Benefits and page E-2 of Employee Handbook);

e) rights to be free from discrimination based on disability (Discrimination and Harassment memoranda in "WE ARE ASM AMERICA" binder; page C-14 of Employee Handbook; and "Employees and Applicants with Disabilities" screen on company web site); and

f) that ASM "is committed to providing [the employee] with a safe and healthful work environment" working to "ensure that [the employee] receives proper payment fo an industrial injury or illness" (Health and Safety memorandum contained in "WE ARE ASM AMERICA" binder provided to employees and page C-20 of Employee Handbook); and

g) rights to a Grievance Procedure (Grievance Procedure memorandum contained in "WE ARE ASM AMERICA" binder provided to employees and page B-7 of Employee Handbook).

10. Plaintiff Larry G. Banda relocated from California to Oregon with the representation by ASM America that it would provide to Mr. Banda a residence during his stay in Oregon. The terms of Mr. Banda's employment with ASM America included reasonable relocation assistance, as set forth on page B-5 of the Employee Handbook.

11. Mr. Banda was charged $4,400.00 by Defendant ASM America by automatic withdrawals made by ASM America without the express consent of Plaintiff Larry Banda.

12. Mr. Banda was an employee of ASM America, Inc., and was acting in the course and scope of his employment at the time of a business trip to Japan in June of 2001. Mr. Banda became ill during and as a result of the business trip to Japan.

13. Mr. Banda reported on June 22, 2001 to his supervisor at ASM America, Defendant Bill Marsh, that he had become ill during and as a result of the business trip to Japan. Defendant Marsh was aware of the medical care and tests that Plaintiff Larry Banda underwent in the weeks immediately following his return from the business trip.

14. Defendant Marsh fired Plaintiff Banda from his employment with Defendant

ASM America on July 13, 2001. Retaliation for Plaintiff's stating a workers compensation claim, discrimination against Plaintiff based on his ethnicity, and discrimination against Plaintiff based on Defendant Marsh's perception that Plaintiff suffered from a disability, were factors in the decision to fire Plaintiff Larry Banda. Plaintiff was told by Defendant Bill Marsh, Plaintiff Larry Banda's immediate supervisor and the West Coast Manager of ASM America who had been in charge or oversee the contract between ASM America and Intel where Plaintiff Larry Banda was working in Hillsborough, Oregon, that Mr. Banda was being fired because he was sick, diabetic, and Hispanic, and because he had not been coming to work.

15. Plaintiff Larry Banda filed an administrative claim with the Department of Fair Employment and Housing on June 20, 2002. Plaintiff received a right to sue letter from the DFEH on June 28, 2002.

16. ASM América contracted with Plaintiff Larry Banda to "take prompt and effective action to remedy the effects of any unlawful discrimination or harassment against any employee. For example, the Company [ASM America] will reverse any action that has been taken against any employee in violation of [the policy against discrimination and retaliation] and place the employee in the same position that he or she would have been in absent the unlawful discrimination or harassment" (Discrimination and Harassment memorandum in "WE ARE ASM AMERICA" binder).

17. Defendant ASM America has been provided medical and claims documentation about Plaintiff Larry Banda's medical condition through a workers compensation claim filed on behalf of Plaintiff Larry G. Banda by his workers compensation counsel.

18. Defendant ASM America has not take any action to place Larry Banda in the same position that he would have been absent the unlawful discrimination.

19. Larry G. Banda was last paid by ASM America by paycheck dated July 22, 2001. There is no reason or justification for delaying payment to Plaintiff after his

employment was terminated by ASM America.

20. At all relevant times mentioned herein, Defendants ASM America, Inc., Advanced Semiconductor Materials America, Inc., and ASM International N.V. were collectively the employer of Plaintiff Larry G. Banda within the meaning of the California Labor Code.

## FIRST CAUSE OF ACTION
Breach of Contract against entity defendants

21. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 20 of the General Allegations of the Complaint.

22. On or about March 12, 2001 and continuing and repeating through July of 2001, Plaintiff entered into a partially written, partially oral, and partially implied by conduct contract with Defendant ASM America whereby Plaintiff would provide services on behalf of Defendant ASM America in exchange for Defendant ASM America providing pay and benefits. The contract was based on correspondence, memoranda, employee handbooks, web site postings, a company prepared binder titled, oral statements, and a course of conduct between the parties. The terms of Plaintiff Banda's employment with ASM America include the provisions set forth by ASM America in its company publications, including web pages, personnel manuals and company policies and procedures which were known and made known to Plaintiff Banda. These terms include that ASM America complied with and would comply with applicable state laws regulating the employment of people, including of Plaintiff Larry G. Banda.

23. The terms of Plaintiff's employment with ASM America include those stated as the express written terms of ASM America' website, including that ASM America was to provide to Plaintiff with an environment in which ASM America's employees enthusiastically support and advance ASM America's mission of improving the health and well being of its consumers, and of its well publicized employee personnel

provisions including that it will obey laws regulating payment of employees.

24. Plaintiff at all times was ready, willing and able to, and did in fact, perform all obligations required of him under the agreements alleged herein, except for those conditions which he could not perform because of prior wrongful conduct and breach of contract by Defendants, and each of them, and temporarily because of illness and injury sustained in the course of employment by defendants.

25. By the actions of Defendant ASM America, Inc. by and through Defendant Bill Marsh, for itself and for the collective entity defendants employer(s), Defendant entities did breach their agreement with Plaintiff including by the following:

a) Charging and over charging for relocation expenses;

b) Failure to investigate claims of discrimination;

c) Failure to follow grievance procedures in terminating the employment of Larry Banda;

d) Failure to follow grievance procedures in not investigating the basis of Larry Banda's complaints of discrimination and harassment;

e) Failing to provide employment, or payment for lost employment, to Plaintiff Larry Banda for losses caused by the discrimination of Defendants; and

f) Failure to provide disability, time off, and other benefits to Plaintiff.

26. Defendants actions alleged herein failed to comply with the written express, orally expressed, and statutorily implied contractual obligations.

27. As a direct and proximate result of the breach of contract by defendant entities, Plaintiff has sustained damages and losses including relocation expenses to move to Oregon, deducted relocation expenses to stay in Oregon, relocation expenses to return to California, loss of employment, loss of income, damage to personal and business reputation including through others viewing or being told about personnel documentation contained in Plaintiff's employment file, damage to credit, medical expenses, and physical and emotional injury.

WHEREFORE Plaintiff seeks relief as hereinafter set forth.

SECOND CAUSE OF ACTION
Labor Code Wages and Hours Violations
Against Defendant ASM America

28. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 27 of the General Allegations and First Cause of Action of the Complaint.

29. Defendant ASM America's failures to pay Plaintiff his wages and salary when due, including at the time of Plaintiff's termination of employment, violates the requirements of timely payment of wages and salary and accounting for payment and calculations as set forth by California Labor Code section 200 et seq..

30. Plaintiff is therefore entitled to:

accumulated wages and hours pay not yet paid; and

waiting time penalties of up to one month's income.

31. Plaintiff has had to retain counsel to obtain the statutorily mandated payment of wages and salary. Plaintiff is therefore entitled to recovery of reasonable attorneys fees.

WHEREFORE Plaintiff seeks relief as hereinafter set forth.

THIRD CAUSE OF ACTION
Termination of Employment in Violation of Public Policy
against Defendant ASM America

32. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 31 of the General Allegations and First and Second Causes of Action of the Complaint.

33. There was at all relevant times including from February 20, 2001 through July 13, 2001 a contract of employment between plaintiff and defendant ASM America.

34. Plaintiff Larry G. Banda's employment with Defendant ASM America was terminated by Defendant Bill Marsh on or about July 13, 2001.

35. Defendant ASM America terminated plaintiff's employment in violation of

public policy. Among other things, the termination violated Plaintiff's rights under the California Government Code section 12921, under California Civil Code section 51, and under Labor Code section 132a which prohibits employers from discriminating against employees "who are injured in the course and scope of their employment." Each of these statutes sets forth the public policy of the State of California to protect persons similarly situated to Plaintiff Larry Banda.

36. The termination of employment, and the acts which led to and were a part of the termination of employment as alleged above, caused Plaintiff Larry Banda to suffer a substantial financial injury which in turn proximately caused mental and emotional distress resulting from such financial injury.

37. The termination of employment caused plaintiff to suffer injury, damage, loss or harm. As a proximate result of Defendants' termination of Plaintiff's employment, Plaintiff sustained reasonably anticipated damages and injuries, including loss of income, physical and emotional injury, damage to personal and business reputation, loss of employment, damage to credit, medical expenses, and other and further damages.

38. The actions of Defendants were done in conscious disregard of Plaintiffs' rights. Plaintiff is thus entitled to a recovery of punitive and exemplary damages.

WHEREFORE Plaintiff seeks relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
Discrimination in Violation of Statute
against Defendant ASM America

39. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 38 of the General Allegations and First, Second, and Third Causes of Action of the Complaint.

40. The actions of defendants in taking an adverse employment action by terminating the employment of Plaintiff Larry Banda violated the express provisions of California Government Code section 12921 and California Civil Code section 51.

41. The termination of employment, and the acts which led to and were a part of the termination of employment as alleged above, caused Plaintiff Larry Banda to suffer a substantial financial injury which in turn proximately caused mental and emotional distress resulting from such financial injury.

42. The termination of employment caused plaintiff to suffer injury, damage, loss or harm. As a proximate result of Defendants' termination of Plaintiff's employment, Plaintiff sustained reasonably anticipated damages and injuries, including loss of income, physical and emotional injury, damage to personal and business reputation, loss of employment, damage to credit, medical expenses, and other and further damages.

43. The actions of Defendants were done in conscious disregard of Plaintiffs' rights. Plaintiff is thus entitled to a recovery of punitive and exemplary damages.

44. Plaintiff has been required to retain counsel to obtain the benefits of the protections set forth in Civil Code section 51 and Government Code section 12921. Plaintiff therefore requests recovery of attorneys fees.

WHEREFORE Plaintiff seeks relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### Defamation Against Defendants Marsh and ASM America

45. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 44 of the General Allegations and First, Second, Third and Fourth Causes of Action of the Complaint.

46. A reasonable person would recognize that the acts taken by ASM America in terminating Plaintiff Larry Banda's employment, and in refusing to reinstate Plaintiff's employment created an unreasonable risk that third parties would be told and would be led to believe that Plaintiff's employment was terminated based on misfeasance, misconduct or failure to perform by Plaintiff.

47. The statements contained in Plaintiff's personnel file as to why his

employment was terminated, the statements by Defendant Bill Marsh to other employees, agents, and officers of ASM America as to why Plaintiff's employment was terminated, and the inference from Plaintiff's termination of employment that Plaintiff's employment was terminated because of employee misfeasance, misconduct and failure to perform were false and defamatory as to Plaintiff. The statements constitute libel per se as they caused and cause Plaintiff to be shunned or avoided, and have a tendency to injure Plaintiff in his occupation.

48. As a proximate result of the defamatory statement made by Defendants, and each of them, Plaintiff sustained a loss of income, personal injuries, and severe emotional distress, and impairment to Plaintiff's personal and business reputation and has been required to incur attorneys fees and costs.

49. The actions of Defendants were done in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to a recovery of punitive and exemplary damages.

WHEREFORE Plaintiff seeks relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### Intentional and Negligent Infliction of Emotional Distress Against Defendants Klein and ASM America

50. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 49 of the General Allegations and First, Second, Third, Fourth, and Fifth Causes of Action of the Complaint.

51. The defendants, and each of them, by the conduct and statements stated hereinabove engaged in negligent conduct and a willful violation of statutory standards and constitutional protections. Defendants intentional and reckless conduct has proximately caused Plaintiff to suffer substantial financial injury.

52. As a direct and proximate act of the negligent conduct, willful violation of statutory standards, and wrongful conduct of Defendants as alleged hereinabove, Plaintiff Larry G. Banda suffered serious emotional distress. A reasonable person would be unable to cope with the mental distress caused by the circumstances created

by Defendants. As a proximate result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits incurred in seeking and performing substitute employment and has suffered and continues to suffer embarrassment, humiliation, mental anguish all to his damage in an amount according to proof. As a further and proximate result of Defendants' discrimination against him, Plaintiff suffered personal injury, loss of income, medical expenses, pain and suffering, severe emotional distress, damage to his business and personal reputation, damage to his property right in continued employment, and medical expenses.

53. The actions of Defendants were done in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to a recovery of punitive and exemplary damages.

WHEREFORE plaintiff seeks relief as hereinafter set forth.

<u>SEVENTH CAUSE OF ACTION</u>
Unfair Business Practice [Business and Professions Code Section 17200]
Against Defendant ASM America

54. Plaintiff hereby incorporates by reference, as though fully set forth hereat, the allegations of the paragraphs 1 through 53 of the General Allegations and First, Second, Third, Fourth, Fifth, and Sixth Causes of Action of the Complaint.

55. ASM America's charges for relocation expenses, and charging an amount which constituted as to two pay checks seven times the amount of Plaintiff's net pay after deductions including the relocation expenses, is an unfair and deceptive business practice. Among other things, Plaintiff was not told by ASM America about the charges, the automatic deduction from his pay, and the amount of the relocation charges.

56. Defendant's relocation expenses practice constitutes and unlawful, unfair or fraudulent business acts or practice within the meaning of Business and Professions Code section 17200.

57. As a result of Defendants' unfair business practices, and each of them, Plaintiff has no plain, adequate or complete remedy at law, and Defendants, and each

of them, continue to engage in said wrongful practices. Plaintiff is entitled to relief to specific and preventive relief may be granted to enforce the penalties, forfeitures, and penal provisions to rectify the unfair competition and trade practices of Defendants ASM America on behalf of Plaintiff Larry G. Banda individually, on behalf of other present, past and future employees of ASM America similarly situated to Plaintiff, and on behalf of the general public.

58. The remedies sought by this cause of action are cumulative to each other and to the remedies or penalties available under all other laws of this state and as pled in all other causes of action herein.

59. Plaintiff is entitled to recover his damages, and to recover, and cause Defendants to disgorge, profits, including those based on reduced expenses, obtained by Defendants by virtue of their unfair trade practices which occurred within four years of the date of the filing of the complaint herein.

60. Plaintiff has incurred attorneys fees and costs to obtain the remedies and relief sought herein. Plaintiff therefore requests recovery of attorneys fees and costs according to proof.

WHEREFORE Plaintiff requests relief as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. For personal injuries, including medical expenses, loss of income, general damages and emotional distress damages;

2. For damage to personal reputation;

3. For damage to business reputation;

4. For exemplary damages;

5. For payments and penalties as set forth by Labor Code sections 201(a), 202(a), 203, 204, 204.3, 210, 218.5, 218.6, 222, 2926 and 2927;

6. For recovery of unjust enrichment and to disgorge profits obtained by ASM

America as a result of its unfair business practices;

7. Injunctive relief to prevent ASM America and its related entities from further unfair relocation expenses practices;

8. Interest on recoveries to Plaintiff under this Complaint at the rate of ten percent per annum from and after July 13, 2001;

9. For reasonable attorney's fees incurred in the prosecution of the Complaint herein; and

10. For such other relief as the Court may deem just and proper.

Dated: July 2, 2002

William C. Dresser
Attorneys for Plaintiff
Larry Banda

Banda\vs ASM America\Pld\Complaint.702

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

CASE NUMBER: CV809221

## *NOTICE TO LITIGANTS*

*1. Service.* Timely filing and service of pleadings is required. A copy of this notice, the attached *ADR Information Sheet*, and a *Case Management Conference Questionnaire and At-Issue Memorandum* shall be served with a complaint or cross-complaint. (Local Rule 1.1C)

*2. Rules and Forms.* All parties are required to know the Local and State Rules of Court and to use proper forms. State Rules and Judicial Council forms are available on the Internet: www.courtinfo.ca.gov/forms or /rules. All forms and local rules may be purchased through:

*Forms and Local Rules:*
Rose Printing Company
49 North First Street
San Jose, CA 95113
408-293-8177

*Local Rules:*
San Jose Post-Record
90 North First Street, Suite 100
San Jose, CA 95113
408-287-4866

*3. Assignment.* Your case has been assigned to Judge Elfving, Dept. 2 for all purposes, except trial.

*4. Case Management Conference.* The Case Management Conference has been scheduled as follows: ✓ Before the ADR Administrator ___ Before your Assigned Judge

| *DATE:* NOV 05 2002 | *TIME:* 3:00 p.m. | *DEPT.:* 2 |
|---|---|---|

Parties are required to meet and confer no later than 30 calendar days before the Case Management Conference. A completed *Case Management Questionnaire and At-Issue Memorandum* stating that the parties have met as required shall be filed and served at least 5 calendar days before the Case Management Conference. (California Rule of Court 212)

Counsel for each party and each party appearing in propria persona shall attend the Case Management Conference and shall be familiar with the case and be fully prepared to discuss all pre-trial matters stated in Local Rule 1.1F(4) including alternative dispute resolution (ADR) [Local Rule 1.1F(2)]. The Court shall evaluate each case as provided in California Rules of Court, Rule 2106 and make appropriate pre-trial orders. [Local Rule 1.1F(4)]

*5. Requirements for Voluntary Alternative Dispute Resolution (ADR).* Within 20 calendar days of a stipulation to voluntary ADR, the parties shall agree on a provider and on an ADR date. The parties shall confer with the ADR Administrator (408-299-3090) if they cannot agree on a provider. In any event, within the same 20-day period, plaintiff's counsel shall complete and submit to the ADR Administrator an *ADR Notice*, advising the ADR Administrator of the name of the ADR provider and the ADR date. [Local Rule 1.1E(4)]

*6. Sanctions.* Parties and counsel who fail to comply with the above Local Rules will be subject to the imposition of sanctions. (California Rules of Court, Rule 227 and Local Rule 1.1N)

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.
- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.
- Mediation may be appropriate when:
  - The parties want a nonadversary procedure
  - The parties have a continuing business or personal relationship
  - Communication problems are interfering with a resolution
  - There is an emotional element involved
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

- **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

  Arbitration may be appropriate when:
  - The action is for personal injury, property damage, or breach of contract
  - Only monetary damages are sought
  - Witness testimony, under oath, is desired
  - An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

- **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

  Neutral evaluation may be appropriate when:
  - The parties are far apart in their view of the law or value of the case
  - The case involves a technical issue in which the evaluator has expertise
  - Case planning assistance would be helpful and would save legal fees and costs
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

- **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

  Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

- **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

  Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce, custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-299-3090

Santa Clara County DRPA Coordinator
408-792-2669

*Revised 5/23/01*

** TOTAL PAGE.02 **

SUPERIOR CO OF CALIFORNIA, COUNTY OF NTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113-1090

FILED
DEC 11 2002
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY ____________ DEPUTY

** COURT ORIGINAL **

RE: BANDA vs ASM AMERICA INC.

Case No: CV809221

NOTICE OF RESCHEDULED CASE MANAGEMENT CONF

THE CASE MANAGEMENT CONFERENCE FOR THE ABOVE ENTITLED CASE HAS BEEN RESCHEDULED, AND YOU ARE DIRECTED TO APPEAR IN COURT ON:

Date: 2/04/03 Time: 10:01 AM Department: 02
At: Superior Court, 191 North First Street, San Jose, CA 95113.

For further information, contact the Calendar Office, (408) 882-2410
(See attached for additional parties, if any)

cm02

---

COPIES TO:

(408) 279-7529
LAW OFFICES OF WILLIAM C. DRESSER
WILLIAM C. DRESSER
2400 MOORPARK AVE., SUITE 301
SAN JOSE, CA 95128-2650

DECLARATION OF SERVICE BY MAIL. I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 12/11/2002. KIRI TORRE, CHIEF EXECUTIVE OFFICER/CLERK by P. CORPUZ Deputy Clerk.

EXHIBIT B

QUARLES & BRADY STREICH LANG, LLP
ROBERT K. JONES (CA. State Bar No. 130162)
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone 602.229.5200
Facsimile 602.229.5690

KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
CHRISTINE P. SUN - #218701
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
ASM AMERICA, INC., ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC., and BILL MARSH

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| LARRY G. BANDA,<br><br>Plaintiff,<br><br>v.<br><br>ASM AMERICA, INC.; ADVANCED SEMINCONDUCTOR MATERIALS AMERICA, INC.; ASM INTERNATIONAL N.V.; BILL MARSH; and Does One through Fifty,<br><br>Defendants. | Case No.CV809221<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on December 20, 2002, Defendants ASM America, Inc., for itself and f/k/a Advanced Semiconductor Materials America, Inc., and Bill Marsh (collectively "Defendants") removed this Case to the United States District Court for the Northern District of California, which effectuates removal of Plaintiff's action, CV809221, in accordance with 28 U.S.C. § 1332, pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal (without exhibits) is attached as Exhibit "A." Therefore, under 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

Defendants further certify that Plaintiff has been notified of this removal and served with a copy of this Notice of Removal.

Dated: December 20, 2002

KEKER & VAN NEST, LLP

By: [signature]
CHRISTINE P. SUN
Attorneys for Defendants
ASM AMERICA, INC., ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC. and BILL MARSH

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 20, 2002, I served the following document(s):

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

☑ by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

William C. Dresser
Leslie Shearer
2400 Moorpark Avenue
San Jose, California 95128

Executed on December 20, 2002, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lauren Hartz-Lewis

LAUREN HARTZ-LEWIS

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 20, 2002, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

☑ by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

William C. Dresser
Leslie Shearer
2400 Moorpark Avenue
San Jose, California 95128

Executed on December 20, 2002, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Lauren Hartz-Lewis
LAUREN HARTZ-LEWIS